## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**EVERETT T. PEONE**                                                                         **PLAINTIFF**

**v.**                                        **Case No. 2:12-cv-00083 KGB**

**UNITED STATES OF AMERICA**                                                          **DEFENDANTS**

### ORDER

Before the Court is plaintiff Everett T. Peone's motion to enforce settlement agreement (Dkt. No. 109). The United States of America responded to the motion (Dkt. Nos. 110, 113). Also before the Court are Mr. Peone's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) (Dkt. No. 114), motion to withdraw docket entry 109 and to enforce settlement agreement (Dkt. No. 115), and motion for leave to proceed *pro se* (Dkt. No. 116). For the following reasons, the Court denies Mr. Peone's motion for relief from judgment (Dkt. No. 114), grants in part and denies in part Mr. Peone's motion to withdraw docket entry 109 and to enforce settlement agreement (Dkt. No. 115), and grants Mr. Peone's motion for leave to proceed *pro se* (Dkt. No. 116).

**I.     Procedural History**

On May 8, 2012, Mr. Peone, an inmate at the Federal Correctional Complex in Forrest City, Arkansas, filed a complaint against the United States of America, the United States Bureau of Prisons, Dr. Hipolito Matos, Warden TC Outlaw, Dr. David Weitzmen, and Viharika Shaw under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 (Dkt. No. 1). On August 15, 2019, the parties filed a joint motion to dismiss with prejudice and represented that they had reached a settlement in the case (Dkt. No. 107). This Court granted the motion on August 19, 2019, and retained jurisdiction over the settlement agreement for a period of 90 days thereafter to

enforce the terms of the agreement (Dkt. No. 108). The parties executed a stipulation for compromise settlement and release of FTCA claims pursuant to 28 U.S.C. § 2677 on September 3, 2019 (Dkt. No. 113, at 2). Pursuant to the settlement agreement, the government agreed to pay Mr. Peone $25,000.00 to settle any claims arising under the FTCA (Dkt. No. 113, at 2).

The United States of America represents that, after executing the settlement agreement, and pursuant to standard procedure, it sent a "Judgment Fund Transmittal" to the United States Department of Treasury, Bureau of Fiscal Services, certifying that the settlement award qualified for payment to Mr. Peone (Dkt. Nos. 110, at 1-2; 113, at 7). Mr. Peone was then advised by the United States Department of Health and Human Services, Administration for Children and Families, that the settlement payment was offset for child support by an intercept through the Treasury Offset Program ("TOP") by the United States Department of Treasury (Dkt. No. 109, ¶ 4).

On November 19, 2019, Mr. Peone, through his counsel, filed a motion to enforce settlement agreement (Dkt. No. 109). In the motion, Mr. Peone claims "that any judgment for child support was not renewed within the time and manner prescribed by law and he failed to receive notice of any intercept on the proceeds of his settlement." (*Id.*, ¶ 5). He also claims "that the Court should determine whether [Mr. Peone's] attorney should be paid her attorney's fees and costs from the proceeds of the settlement." (*Id.*, ¶ 6). The government opposed the motion, contending that: (1) it completed its requirement under the settlement agreement when it submitted the information to the Judgment Fund, (2) attorney's fees are also subject to administrative offset, and (3) this Court lacks subject matter jurisdiction over issues arising out of the settlement agreement (Dkt. No. 110). On December 9, 2019, Mr. Peone filed three motions: (1) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), (2) a motion to

withdraw docket entry 109 and to enforce settlement agreement, and (3) a motion for leave to proceed *pro se* (Dkt. Nos. 114, 115, 116).

## II. Discussion

### A. Leave To Proceed *Pro Se*

Mr. Peone moves for leave to proceed *pro se*, pursuant to 28 U.S.C. § 1654 (Dkt. No. 116). Mr. Peone's attorney, Sheila Campbell, notified the Court through informal communication that she does not oppose the motion. For good cause shown, the Court grants the motion (*Id.*). The Court directs the Clerk to terminate Ms. Campbell as counsel of record for Mr. Peone. Mr. Peone will proceed *pro se*.

### B. Withdrawal Of Docket Entry 109

Mr. Peone also moves the Court to withdraw docket entry 109 (Dkt. No. 115). Docket entry 109 is a motion to enforce settlement agreement entered on Mr. Peone's behalf by his former counsel Ms. Campbell. Mr. Peone claims that he did not know that the motion would include a claim that Ms. Campbell should receive her attorney's fees and that he did not support that argument (*Id.*, at 4). Mr. Peone contends that the motion did not include a claim that he should be paid as well and, accordingly, requests that it be withdrawn (*Id.*). Mr. Peone also claims that Ms. Campbell violated the Arkansas Rules of Professional Conduct. Having reviewed the motion to enforce terms of settlement agreement, the Court disagrees with Mr. Peone's interpretation and characterization of the filing, specifically in regard to whether the filing advocates for payment on behalf of Mr. Peone (Dkt. No. 109, ¶¶ 4-5). The Court grants Mr. Peone's motion to withdraw the motion to enforce terms of settlement agreement (Dkt. No 109).

The United States responded in opposition to Mr. Peone's motion to enforce settlement agreement (Dkt. Nos. 110, 113). The Court interprets the government's response as a response in

opposition to Mr. Peone's motion to withdraw docket entry 109 and to enforce settlement agreement and his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) (Dkt. Nos. 114, 115).

### C.     Subject Matter Jurisdiction

The government contends that this Court lacks subject matter jurisdiction over issues arising out of the parties' settlement agreement (Dkt. No. 110, at 9).  It asserts that a settlement agreement is a contract and that the FTCA does not extend a district court's subject matter jurisdiction to claims against the United States for failure to perform under a contract (*Id.*, at 10). The government claims that, under the Tucker Act, codified at 28 U.S.C. § 1491, the United States Court of Federal Claims has exclusive jurisdiction over cases against the United States based upon an implied or express contract when the claim is in excess of $10,000.00 (*Id.*, at 10-11).

The FTCA includes an express waiver of sovereign immunity, making the United States liable for the torts of its employees.  28 U.S.C. § 1346(b)(1).  Section 1346(c) provides: "The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section."  Accordingly, the Court finds it has jurisdiction to consider whether the government satisfied its obligation to Mr. Peone under the settlement agreement.  *See Simpson-El v. United States*, No. 2:12CV00004 SWW, 2015 U.S. Dist. LEXIS 160789, at *3–4 (E.D. Ark. Dec. 1, 2015); *see also Johnson v. United States*, Case No. 13-cv-02839, 2018 WL 5919475 (N.D. Ill. Nov. 7, 2018) (examining similar jurisdiction arguments).

### D.     Relief From Judgment And Enforcement Of Settlement Agreement

Mr. Peone also filed a *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) (Dkt. No. 114).  Specifically, Mr. Peone moves the Court to set aside an order entered on August 19, 2019, in which the Court granted the parties' joint motion to dismiss

this case with prejudice (Dkt. Nos. 108, 114). Mr. Peone avers that the government's "fraudulent concealment of [the fact that the settlement payment would be offset by the United States Department of Treasury] was the very basis for the settlement [and] prevented him from fully and fairly presenting [his] case" (*Id.*, at 3). Mr. Peone contends that the order should be set aside even if the Assistant United States Attorney did not possess personal knowledge that the award would be offset, because "even accidental failures to turn over information can rise to the level of fraud 60(b)(3) remedies." (Dkt. No. 114, at 3).

The United States contends that it adhered to all of the terms of the settlement within its control (Dkt. No. 110, at 7). The government represents that, after the parties executed the settlement agreement, it sent a "Judgment Fund Transmittal" to the United States Department of Treasury, Bureau of Fiscal Service, certifying that the settlement award qualified for payment to Mr. Peone (*Id.*, at 1-2). According to the government, usually the next step in the process is for the plaintiff's counsel to receive the funds; however, the funds were intercepted by the United States Department of Treasury to offset a debt Mr. Peone owed, pursuant to the TOP, 31 U.S.C. § 3716 (*Id.*, at 2). The government avers that submitting the settlement documentation and information to the Judgment Fund completed the requirement of the United States Attorney's Office under the settlement agreement and that, accordingly, Mr. Peone's motion should be denied (*Id.*, at 4).

Federal Rule of Civil Procedure 60(b)(3), in pertinent part, allows a court to relieve a party or its legal representative from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party. "To prevail on a Rule 60(b)(3) motion, the moving party must establish that the adverse party engaged in fraud or other misconduct and that this conduct prevented the moving party from fully and fairly presenting its case." *Cook v. City of Bella Villa,*

582 F.3d 840, 855 (8th Cir. 2009) (quoting *E.F. Hutton & Co. v. Berns,* 757 F.2d 215, 216–17 (8th Cir. 1985)).

Under 31 U.S.C. § 3716(c)(6), federal and state agencies that are owed a past due debt shall refer the delinquent debt to the Treasury Department for inclusion in TOP, provided the debt is eligible for administrative offset. A debt is eligible for administrative offset when it is: (a) past due in the amount stated by the creditor agency; (b) legally enforceable; (c) more than $25.00 or other amount as prescribed by the Fiscal Service; and (d) not secured by collateral subject to a pending foreclosure action, unless the creditor agency certifies the offset will not affect the government's rights. *See* 31 C.F.R. § 285.5(d)(3)(i). The TOP then matches payments being disbursed on behalf of payment certifying agencies against delinquent debt information submitted by the creditor agencies, and when a match occurs, the payment is offset to collect the outstanding debt. 31 U.S.C. § 3716(c)(1)(A). Disbursing officials are required to offset all payments certified to them for disbursement. *Id.*

In *United States v. Bailey,* the United States Court of Appeals for the Eighth Circuit found that the government did not breach its settlement agreement with defendant Robert Lee Bailey when the settlement proceeds were used to offset Mr. Bailey's unpaid child support pursuant to the TOP. 775 F.3d 980, 981 (8th Cir. 2014). There, the government agreed to pay Mr. Bailey $2,500.00 as compensation for lost property. *Id.* at 980. However, Mr. Bailey had an outstanding child support obligation in the state of Illinois. *Id.* The Illinois Department of Healthcare and Family Services mailed Mr. Bailey a notice informing him that he owed past due support in the amount of $45,956.48 and that Illinois intended to collect this amount through offsets and withholding certain federal payments; the notice was sent five months before the parties entered into the settlement agreement. *Id.* Mr. Bailey filed a motion to vacate the settlement agreement

because he had not received the settlement check as specified in the parties' settlement agreement. *Id.* at 981. However, the Eighth Circuit found that the government substantially performed under the contract and noted that Mr. Bailey received a benefit because the payment satisfied $2,500.00 of the amount he owed in child support. *Id.*

Before the district court, Mr. Bailey also claimed that the settlement discussions and agreement should have notified him that the money from the settlement could be subject to TOP. *United States v. Bailey*, Criminal No. 03–370 ADM/AJB, 2013 WL 5964447, at *4 (D. Minn. Nov. 4, 2013). The district court found that Mr. Bailey did receive notice of the potential offset of his claim prior to entering into the settlement agreement and that the United States Attorney's Office was not responsible for his personal debts and did not have an additional responsibility to remind Mr. Bailey in the settlement agreement that the funds would be offset. *Id.* The Eighth Circuit affirmed, finding that, since Mr. Bailey was given notice before entering into his settlement that any federal payments he received were subject to offset, he received what he bargained for under the contract. *Id.*

Here, the Court finds that the government has substantially performed under the settlement agreement and that Mr. Peone is not entitled to the enforcement of terms of the settlement agreement or the relief from judgment that he seeks. The government entered into a settlement agreement with Mr. Peone and agreed to pay him $25,000.00. Counsel for the government submitted a "Judgment Fund Transmittal" and certified that the settlement award qualified for payment to Mr. Peone, which satisfied the Department of Justice's obligation to Mr. Peone under the settlement agreement. The United States Attorneys did not have a duty to remind Mr. Peone that the settlement payment would be subject to offset under TOP. Mr. Peone was conferred a benefit because the payment satisfied part of his past-due child support debt. Furthermore, the

record evidence does not show that the government accidentally failed to produce documents requested in discovery. The government's actions do not amount to fraud or misconduct. Accordingly, Mr. Peone's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) is denied.

### E. Notice Of Administrative Offset

Mr. Peone also claims that neither the Treasury Department, nor any other agency of the government, ever gave him notice that he was subject to the offset program, as Mr. Peone contends is required under 31 U.S.C. § 3720A(b) and the due process clause (Dkt. No. 114, at 3). "TOP is an administrative procedure established by statue and administered under implementing regulations, which provide due process to debtors against whom offset is sought." *United States v. Beulke,* 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) (internal quotations omitted). Individuals are "expected to address their concerns to the referring agency before coming to court." *Id.*

Mr. Peone's claim addresses the validity of the administrative offset rather than the government's performance under the parties' settlement agreement. There is no record evidence to suggest that Mr. Peone has addressed his concern regarding a lack of notification to the creditor agency that referred him to TOP. Therefore, this Court does not have subject matter jurisdiction over the claim until Mr. Peone has exhausted his administrative remedies with the creditor agency. Accordingly, the Court declines to address Mr. Peone's claim that he was not provided notice that he was subject to the offset program.

### III. Conclusion

The Court denies Mr. Peone's motion for relief from judgment (Dkt. No. 114), grants in part and denies in part Mr. Peone's motion to withdraw docket entry 109 and to enforce settlement

agreement (Dkt. No. 115), and grants Mr. Peone's motion for leave to proceed *pro se* (Dkt. No. 116).

It is so ordered this 13th day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge